dent receiving and paying for the electric energy furnished him by such public utility, and the fact that such "consumer" resells through submetering a part of such electric energy to others connnected with him as lessees, tenants or in other business relationships does not thereby remove the public utility from its character as such, and it is amenable to supervision, regulation and control by the Public Utilities Commission of Ohio. And where the "consumer" complains of a regulation proposed by the utility covering the furnishing of electric energy which will adversely affect him and which he claims will discriminate against him, the Commission must assume and exercise jurisdiction as provided in Section 4905.-04 et seq., Revised Code.

Order reversed.

Taft, C. J., Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.

39112. The Ohio National Life Ins. Co., appellee v. The Ohio Life Ins. Co., appellant. O'Neill, J.

The words, "The Ohio Life Insurance Company," used in the corporate name of a life insurance company, are not so deceptively similar to the words, "The Ohio National Life Insurance Company," used in the corporate name of another life insurance company, as to lead to confusion and uncertainty on the part of the public, resulting in unfair competition.

Judgment reversed.

Taft, C. J., Zimmerman, Matthias, Herbert, Schneider and Brown, JJ., concur.

39120. Village of Willoughby Hills, appellant v. Board of Park Commrs. of Cleveland Metropolitan Park District, appellee. Van Nostran, J.

There being no statutory authority, a municipality may not require, by ordinance, that a park district, organized and existing under Section 1545.01 et seq., Revised Code, and being a political subdivision of the state of Ohio, collect and remit to the municipality an excise tax upon fees collected by the park district.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias and O'Neill, JJ., concur.

Herbert and Schneider, JJ., dissent.

Van Nostran, J., of the Fifth Appellate District, sitting for Brown, J.

39183. McBennett, appellee v. Piskur, appellant. Appeal from the Court of Appeals for Lorain County. Brown, J.

1. Where in an action for money damages the answer pleads a release and the reply alleges facts which, if true, constitute both fraud in the inducement and fraud in the execution, the action of the trial court in hearing the evidence relative to the validity of the release on a preliminary basis is approved.

2. If in such case, on preliminary inquiry the trial court determines that there is no credible evidence of fraud in the execution or that the claim of fraud in the execution of the release is not a substantial, bona fide claim upon the validity of which reasonable minds could differ under all the circumstances, that issue may be withdrawn from the jury.

Judgment reversed.

Taft, C. J., Matthias, O'Neill, Herbert and Schneider, JJ., concur.

Zimmerman, J., concurs in the judgment only.

Announced Wednesday, June 30.

38266. The State, ex rel. William Vitoratos v. Harry Whiddon, Police Chief. In Mandamus. Writ denied. Taft, C. J., Zimmerman, Matthias, O'Neill, Herbert, Schneider and Brown, JJ., concur.

39086. Marguerite B. Foley, appellee v. Ohio State Life Ins. Co., appellant.

39095. Marguerite B. Foley, appellant v. Ohio State Life Ins. Co., appellee. Mahoning County. Appeals from the Court of Appeals. Judgment affirmed. Zimmerman, O'Neill Herbert and Schneider, JJ., concur. Taft, C. J., and Matthias, J., dissent. Brown, J., not participating.

39265. James Seymour v. E. L. Maxwell, Warden. In Habeas Corpus. Petitioner remanded to custody. Taft, C. J., Zimmerman, Matthias, Herbert, Schneider and Brown, JJ., concur. O'Neill, J., dissents.

39273. Jacob S. Gates v. E. B. Haskins, Supt., London Correctional Institution. In